Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6518 | **DATE** | October 13, 2011 |
| **CASE TITLE** | *Kiselis v. Northwestern* | | |

**DOCKET ENTRY TEXT:**

The complaint fails to state a claim for which relief may be granted and thus is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, all pending motions are stricken as moot. The clerk is directed to enter a final judgment and terminate this case from the court's docket.

■ [ For further details see text below.]

## STATEMENT

     Pro se plaintiff Anthony Kiselis seeks leave to proceed in forma pauperis and also asks this court to appoint counsel. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Mr. Kiselis appears to be a member of the Illinois bar. Nevertheless, because he is proceeding pro se, the court has construed his filings liberally.

     With respect to the motion for appointment of counsel, civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The court may nevertheless, in the exercise of its discretion, request counsel to represent indigents in appropriate cases. *Id.* Here, Mr. Kiselis is a licensed attorney who is authorized to practice law in the State of Illinois and is able to articulate his claims in an understandable way. Accordingly, in an exercise of its discretion, the court declines to appoint counsel to represent him.

     This brings the court to its review of Mr. Kiselis' claims. His allegations center on two separate sets of facts. In the interests of efficiency, the court will not consider whether Mr. Kiselis properly joined his claims in a single action and will, instead, address all of the counts in his complaint. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

First, Mr. Kiselis alleges that Northwestern Hospital and Briar Place (which appears to be a nursing and rehabilitation center) violated the "Peonage and Slavery Act" by criminally holding him hostage against his will. He contends that these actions violate federal criminal statutes and the Thirteenth Amendment. There is no private right of action to enforce criminal statutes so Mr. Kiselis lacks standing to assert that Northwestern or Briar Place engaged in criminal misconduct. *See. e.g,. DeBartolo v. Healthsouth Corp.,* 569 F.3d 736, 739 (7th Cir. 2009).

With respect to the Thirteenth Amendment claim, that amendment centers on actions that force an individual into servitude. *See U.S. v. Calimlim*, 538 F.3d 706, 716 (7th Cir. 2008). Mr. Kiselis alleges that Northwestern Hospital "illegally reduced the Plaintiff to 24-hour-a-day subjugation; illegally blocked the Plaintiff from ever going to a Catholic Church or his own condominium (a few blocks away); blocked the Plaintiff from going to O'Hare; Midway; Union Station; or from otherwise leaving the State of Illinois; and illegally blocked the Plaintiff from seeking redress of those moral and legal abominations by judicial intervention." Complaint at ¶ 9. He also asserts that Northwestern Hospital "illegally transferred" him "into extended involuntary servitude and extended illegal incarceration, at the hands of agents of Briar Place, Ltd." *Id*. at ¶ 10. The defendants thus, according to Mr. Kiselis, limited his freedom against his will. This is not the same thing as involuntary servitude so the complaint does not state an actionable claim under the Thirteenth Amendment.

In any event, this claim is not actionable because neither Northwestern nor Briar Place is a state actor. Thus, Mr. Kiselis cannot pursue a constitutional claim under § 1983 against these defendants. *See, e.g., Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("In order to be characterized as state action, the deprivation of constitutional rights must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible ... and the party charged with the deprivation must be a person who may fairly be said to be a State actor) (internal citations and quotations omitted).

The court next considers Mr. Kiselis' allegations against defendant Anthony Suizzo. Mr. Kiselis notes that the parties are completely diverse and asserts that he worked for Mr. Suizzo but failed to receive the wages he was owed. He thus seeks approximately $135,000 in damages for work performed from 1999 to 2001. He also alleges, among other things, that Mr. Suizzo insulted him in "the most vile terms imaginable," attempted to prevent him from performing his job by operating an office "'in the middle of nowhere' in a remote suburban building, that was at times almost inaccessible to the Plaintiff who lived at 1030 N. State Street in Chicago" and committed legal malpractice. Complaint at ¶ 14. He also says he has been attempting to collect the debt allegedly owed to him since at least April of 2001. *Id*. at ¶ 12.

Mr. Kiselis filed suit on September 16, 2011. To the extent that he is attempting to raise a claim based on the failure to perform professional services, it is time-barred. *See* 735 ILCS 5/13-214.2(a) ("Actions based upon tort, contract or otherwise against any person, partnership or corporation registered pursuant to the Illinois Public Accounting Act, as amended, or any of its employees, partners, members, officers or shareholders, for an act or omission in the performance of professional services shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission"). To the extent that an oral or written contract existed between Mr. Kiselis and Mr. Suizzo, any breach of contract claim is similarly time-barred. *See* 735 ILCS 5/13-205 (five year statute of limitations is applicable to a claim that an

(continued)

oral contract was breached); 735 ILCS 5/13-206 (ten year statute of limitations is applicable to a claim that a written contract was breached). Accordingly, any breach of contract claim is barred by the statute of limitations.

Finally, Mr. Kiselis alleges that Mr. Suizzo committed "illegal Home Invasion, overpowered the Plaintiff; abducted the Plaintiff, by force and violence, from the Plaintiff's domicile; and then arranged for the Plaintiff's false incarceration at a Chicago 'hospital' on false, phony allegations of suicidal ideation." Complaint at ¶ 16. As with alleged violations of federal criminal laws, Mr. Kiselis lacks standing to bring state criminal charges and even if he could do so, a federal court is not the proper forum for any such claims.

Accordingly, the court recognizes that Mr. Kiselis is very dissatisfied with the actions taken by the defendants named in this case. Nevertheless, his complaint fails to state a claim for which relief may be granted. It is, therefore, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, all pending motions are stricken as moot. The clerk is directed to enter a final judgment and terminate this case from the court's docket.